An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRADY D. KEERAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60840

FILED

MAR 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Appellant Brady Keeran argues that the district court erred by denying his petition because he was denied the effective assistance of counsel at trial. To prove ineffective assistance of counsel, a petitioner must demonstrate (a) that counsel's performance was deficient in that it fell below an objective standard of reasonableness and (b) resulting prejudice in that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown. Strickland, 466 U.S. at 697. We give deference to the district court's factual findings but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07637

First, Keeran argues that the district court erred by denying his claim that counsel was ineffective for failing to call Shelli Hannah on his behalf at trial. Keeran asserted that, unbeknownst to him, Hannah forged her estranged husband's signature on a check that he attempted to cash and thus he did not have the intent to commit burglary and forgery. See NRS 205.060; NRS 205.090; NRS 205.110. The district court conducted an evidentiary hearing and Hannah did not testify. The district court denied this claim because Keeran failed to demonstrate that Hannah's testimony would have changed the result at trial. We agree. Accordingly, we conclude that the district court did not err by denying this claim.

Second, Keeran argues that the district court erred by denying his claims that counsel was ineffective for stipulating to the admission of the forged check and for agreeing with the State on key issues in his opening statement. The district court denied these claims because it determined that they fell under the purview of counsel's tactical decisions, see Rhyne v. State, 118 Nev. 1, 8, 38 P.3d 163, 167-68 (2002), and any objection would have been futile, see Ennis v. State, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). We agree. Accordingly, we conclude that the

district court did not err by denying these claims.[1] Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Hon. Carolyn Ellsworth, District Judge
      Kristina M. Wildeveld
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[1]Keeran also argues that the district court abused its discretion at sentencing because it relied on the "materially untrue" assumption that he was guilty of the crime. We decline to consider this claim because it is improperly raised for the first time on appeal. See Davis v. State, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), overruled on other grounds by Means v. State, 120 Nev. 1001, 103 P.3d 25 (2004).